INDUSTRIAL DEVELOPMENT AND PARK DEPARTMENT — AUTHORITY
(1) The Industrial Development and Park Department does have the authority to make relocation payments, and indeed is required by the provisions of Title 63 O.S. 1805 [63-1805] (1971) et seq. to make such payments to those displaced persons as defined in the Act; (2) The Department does have the authority to accept payments from the Land and Water Conservation Fund, and that pursuant to the declared policy Public Law 91-646 a portion of such grants are properly disbursed for relocation assistance; (3) The Department does have the authority to conform to the provisions of Section 301 of Public Law 91-646 and indeed under 27 O.S. 13 [27-13] (1971) the Department is required to comply with the policies stated therein; and (4) The Department does not have any constraints which would not be in accord with the provisions of Public Law 91-646. The Attorney General has received and considered your letter wherein you ask the following questions: "1. Does the Industrial Development and Park Department have the authority to make relocation payments to owners, tenants, farm operators or businesses because of displacement resulting from the acquisition of land for public outdoor recreation purposes as required by P. L. 91-646. "2. Does the Industrial Development and Park Department have authority to accept payments from the Land and Water Conservation Fund for disbursement for relocation. "3. Does the Industrial Development and Park Department have authority to conform to the provisions of Section 301 of P. L. 91646 regarding acquisition procedures. "4. Does the Industrial Development and Park Department have any constraints that would not be in accord with the provisions of P.L. 91-646." With regard to your first question regarding the authority of the Department to make relocation payments, Oklahoma has codified Senate Bill 298. Such provisions are now found in Title 63 O.S. 1085 [63-1085] through 63 O.S. 1099 [63-1099] (1971) and are in compliance with Public Law 91-646. Title 63 O.S. 1087 [63-1087] (1971) provides: "If a state agency acquires real property for public use in any federally assisted project, it shall make fair and reasonable payments to displaced persons and businesses, as required by this Act. . ." In Title 63 O.S. 1086 [63-1086] (1971) the term "state agency" is defined: "State agency means any department, agency or instrumentality of the state or of a political subdivision of the state; or any department, agency or instrumentality of two or more subdivisions of the state." It seems clear that the Industrial Development and Park Department is a State agency within the meaning of the Oklahoma Relocation Assistance Act found in 63 O.S. 1085 [63-1085] (1971), et seq. Further it is clear that not only does the Department have the authority to make such relocation payments, but such payments are required by the mandatory language of Title 63 O.S. 1087 [63-1087] (1971). Additional elements of reimbursement are set forth in subsequent sections of the Title. As to whom these payments are payable, 63 O.S. 1087 [63-1087](a), 63 O.S. 1087 [63-1087](b), 63 O.S. 1087 [63-1087](c) provides for reimbursement of various enumerated expenses incurred as a result of moving either business or farm operations. Therefore, your first question should be answered in the affirmative. The Industrial Development and Park Department does have the authority to make relocation payments, and indeed is required by the provisions of Title 63 O.S. 1085 [63-1085] (1971) et seq. to make such payments to those displaced persons as defined in the Act. With regard to your second question it is clear that the Industrial Development and Park Department has the authority to accept payments from the Land and Water Conservation Fund which is administered by the U.S. Department of Interior. Such was the holding of Attorney General's Opinion No. 65-338 which was issued on August 31, 1965, and which is hereby affirmed. Furthermore, it would seem apparent that such funds from the Department of Interior through the Land and Water Conservation Fund can properly be disbursed for relocation assistance-payments. Such is made clear by Section 201 of Title 2 of Public Law 91-646. Section 201 provides: "The purpose of this title is to establish a uniform policy for the fair and equitable treatment of persons displaced as a result of federal and federally assisted programs in order that such person shall not suffer disproportionate injuries as a result of programs designed for the benefit of the public as a whole." It is clear from the declaration of policy cited above that a portion of all federal grants and federally assisted programs is to be applied to implement the subsequent relocation assistance provisions. Therefore your second question must be answered in the affirmative. The Department does have the authority to accept payments from the Land and Water Conservation Fund, and that pursuant to the declared policy Public Law 91-646 a portion of such grants are properly disbursed for relocation assistance. In your third question you ask whether the Department has authority to conform to the provisions of Section 301 of Public Law 91-646. Section 301 of the Federal Act provides for a uniform policy on real property acquisition practices. In order to comply with Section 301 of the Federal Act the Oklahoma Legislature adopted 27 O.S. 13 [27-13] (1971) which specifies policies which should be implemented by any person, agency or other entity acquiring real property for any public project or program in which federal, state or local funds are used. In complying with the State Act they are complying with the Federal Act. The policies contained in 27 O.S. 13 [27-13] (1971) and those prescribed by the Federal Act in Title 3, Section 301 are identical. Title 27 O.S. 13 [27-13] (1971) provides: "Any person, agency or other entity acquiring real property for any public project or program described in Section 1 of this Act shall comply with the following policies: recitation of policies omitted" It shall be noted that the Oklahoma Act implements mandatory lan guage in stating that the policies will be followed. Also the policies enumerated in the Oklahoma Act are identical to those stated in Section 301 of the Federal Act. Your third question must be answered in the affirmative. The Department does have the authority to conform to the provisions of Section 301 of Public Law 91-646 and indeed under 27 O.S. 13 [27-13] (1971) the Department is required to comply with the policies stated therein. Also, it should be noted however that 27 O.S. 9015 [27-9015] (1971) is not effective until July 1, 1972. In your fourth question you ask whether the Department has any constraints which would not be in accord with the provisions of Public Law 91-646. The Oklahoma Legislature has enacted Title 63 O.S. 1085 [63-1085] through 1099 in compliance with Title II, 201 through 219 of the Federal Act. In addition the Oklahoma Legislature has enacted Title 27 O.S. 9 [27-9] through 27 O.S. 15 [27-15] (1971) in compliance with Title III of the Federal Act, 301 through 305. The provisions of the Federal Act and the provisions of the State Act are virtually identical. In addition the provisions of the State Act are made mandatory on the various State Agencies. Due to the identical provisions and language of both the Federal and State Acts previously cited there are no constraints on the Department complying with the Federal Act. In complying with the State Act which is mandatory, the Department will obviously comply with the Federal Act. Your fourth question must be answered in the negative. The Department does not have any constraints which would not be in accord with the provisions of Public Law 91-646. Therefore it is the opinion of the Attorney General that (1) The Industrial Development and Park Department does have the authority to make relocation payments, and indeed is required by the provisions of Title 63 O.S. 1805 [63-1805] et seq. to make such payments to those displaced persons as defined in the Act; (2) The Department does have the authority to accept payments from the Land and Water Conservation Fund, and that pursuant to the declared policy Public Law 91-646 a portion of such grants are properly disbursed for relocation assistance; (3) The Department does have the authority to conform to the provisions of Section 301 of Public Law 91-646 and indeed under 27 O.S. 13 [27-13] (1971) the Department is required to comply with the policies stated therein; and (4) The Department does not have any constraints which would not be in accord with the provisions of Public Law 91-646. (Steven E. Moore)